IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 4:23-CV-00552-CLM ) ) |
| MUELLER CO, LLC & IH SERVICES, INC. | ) ) ) |
| Defendant. | ) ) |

## CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") filed a lawsuit against Mueller Co. LLC ("Mueller") and IH Services, Inc. ("IH") (hereinafter collectively referred to as "Defendants") pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. In its Complaint, the Commission alleged that Defendants subjected Emily Conner ("Conner"), Misty Geckles ("Geckles"), and Carmelita Hendrix ("Hendrix") (hereinafter collectively referred to as the "Charging Parties") to harassment based on sex. (Doc. 1). The Commission further alleged that IH retaliated against Geckles and Conner because they complained to Defendants about sexual harassment. (Doc. 1). Defendants deny these allegations.

Geckles is also individually represented through her private attorneys who intervened on her behalf. (Doc. 8). Geckles' private attorneys have reviewed this Consent Decree and have no objection.

Nothing stated in this Consent Decree constitutes nor shall be implied, interpreted, or construed as evidence of or an admission of unlawful conduct under Title VII of the Civil Rights Act. Defendants deny all liability.

### **RECITALS**

1. In the interest of resolving this matter, and avoiding the expense and uncertainty of further litigation, the Commission and Defendants ("Parties") have agreed that this action shall be finally resolved by entry of this Consent Decree. The Parties agree that the terms of this Consent Decree are adequate, fair, and reasonable.

2. The Parties do not object to the jurisdiction of this Court over the Parties and the subject matter of this lawsuit and agree to the power of this Court to approve this Consent Decree and enforce it as to the Parties.

3. The Parties agree to entry of this Consent Decree without trial or further adjudication of the claims made by the Commission in this lawsuit, and waive their rights to a hearing, the entry of findings of fact and conclusions of law, and to a jury trial.

4. The Parties agree that this Consent Decree is final and binding upon Defendants, and their agents, officers, all employees, servants, successors and assigns.

5. The Parties agree that, prior to the full or partial sale or transfer of either Defendants' ownership rights or interests, that Defendants shall provide written notice of this Consent Decree and its contents to any potential purchaser or transferee.

6. The Parties agree that when this Consent Decree requires Defendants to send documents, reports, information, and items to the Commission or the Regional Attorney of the Birmingham District Office, the documents, reports, information, and items shall be sent to the attention of Marsha Rucker, Regional Attorney, Equal Employment Opportunity

Commission, Birmingham District Office, 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205.

THEREFORE, it is the finding of this Court, made on the pleadings and on the record as a whole and upon agreement of the parties, that: (i) this Court has jurisdiction over the parties to and the subject matter of this action, (ii) this Consent Decree is intended to and does resolve all matters in controversy in this lawsuit among the Parties, and (iii) the terms of this Consent Decree constitute a fair and equitable settlement of all issues between the Parties in this lawsuit.  This Consent Decree, being entered with the consent of the Parties for purposes of settlement, shall not constitute an adjudication on the merits of this lawsuit and shall not be construed as an admission by either Defendant that it violated Title VII or the Civil Rights Act of 1991.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** as follows:

1. This Consent Decree is entered into by the Commission and Defendants.

2. This Consent Decree shall be final and binding between the Commission and Defendants.

3. This Consent Decree shall resolve all claims which were raised by the EEOC in its Complaint in Civil Action No. 4:23-CV-00552-CLM.

4. This Consent Decree shall be filed in the United States District Court for the Northern District of Alabama, Middle Division ("the Court"), and shall be in effect, and continue to be in effect, for a period of three (3) years from the date of entry of this Consent Decree by the Court.

5. Any proposed modification of this Consent Decree by any Party shall be made by motion to the Court.

6. The Court shall retain jurisdiction over this case to enforce the terms of the Consent Decree.

7. Defendants shall not discriminate against employees on the basis of sex, nor retaliate against any employee who reports or otherwise opposes conduct reasonably believed to violate Title VII.

8. Defendants shall not permit or perpetuate a hostile work environment based on sex.

9. Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to affect or otherwise limit, the obligations of Defendants under Title VII.

10. Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to affect or otherwise limit, the EEOC's authority to process or litigate any current or future charge of discrimination filed with the EEOC or against Defendants.

## **MONETARY RELIEF FOR CHARGING PARTIES**

11. Defendants shall pay to MISTY GECKLES a total of EIGHTY THOUSAND DOLLARS ($80,000) in monetary relief and attorney fees. The breakdown of which for attorney fees, alleged backpay, or alleged compensatory damages is provided for in a settlement agreement to be separately executed by Ms. Geckles and her attorneys.

12. Defendants' payments to MISTY GECKLES shall be mailed via Federal Express or UPS directly to Ms. Geckles c/o Teri Mastando, Esq., Mastando & Artrip, LLC, 301 Holmes Ave NE, Suite 100, Huntsville, AL 35801 within fifteen (15) business days from the date of the entry of this Consent Decree and Defendants' receipt of appropriate tax forms from Ms. Geckles and/or her legal counsel.

13. Defendants shall also mail a copy of the checks to Ms. Geckles to the attention of Plaintiff's Regional Attorney, Equal Employment Opportunity Commission, Birmingham District Office, Ridge Park Place, 1130 22nd Street South, Suite 2000, Birmingham, AL 35205 and email electronic copies of same to marsha.rucker@eeoc.gov.

14. Defendant will timely issue applicable United States Internal Revenue Service forms to Ms. Geckles. Ms. Geckles is solely responsible for any tax consequences regarding these payment amounts.

15. Defendants shall pay total monetary relief to EMILY CONNER of FIFTY THOUSAND DOLLARS ($50,000) to be divided as follows: THIRTY FIVE THOUSAND DOLLARS ($35,000) for alleged compensatory and FIFTEEN THOUSAND DOLLARS ($15,000) as alleged back pay damages, including interest. The backpay portion of the settlement amount will be subject to applicable taxes and other withholdings required by law, which Defendants will deduct.

16. Defendants' payment to EMILY CONNER shall be issued by two separate checks payable to EMILY CONNER. The checks shall be mailed via Federal Express or UPS directly to Ms. Conner within fifteen (15) business days from the date of the entry of this Consent Decree and Defendants' receipt of appropriate tax forms and a signed release of claims form attached as Exhibit B from Ms. Conner, and the proper mailing address from the Commission.

17. Defendants shall also mail a copy of the checks to Ms. Conner to the attention of Plaintiff's Regional Attorney, Equal Employment Opportunity Commission, Birmingham District Office, Ridge Park Place, 1130 22nd Street South, Suite 2000, Birmingham, AL 35205 and email electronic copies of same to marsha.rucker@eeoc.gov.

18. Defendants will timely issue applicable United States Internal Revenue Service forms to Ms. Conner. Ms. Conner is solely responsible for any tax consequences regarding the payment.

19. Defendants shall pay total monetary relief to CARMELITA HENDRIX of TWENTY THOUSAND DOLLARS ($20,000) for alleged compensatory damages.

20. Defendants' payment to CARMELITA HENDRIX shall be issued in checks payable to CARMELITA HENDRIX. The checks shall be mailed directly to Ms. Hendrix, via Federal Express or UPS, within fifteen (15) business days from the date of the entry of this Consent Decree and Defendants' receipt of appropriate tax forms and a signed release of claims form attached as Exhibit B from Ms. Hendrix, and the proper mailing address from the Commission.

21. Defendants shall also mail a copy of the checks to Ms. Hendrix to the attention of Plaintiff's Regional Attorney, Equal Employment Opportunity Commission, Birmingham District Office, Ridge Park Place, 1130 22nd Street South, Suite 2000, Birmingham, AL 35205 and by email electronic copies of same to marsha.rucker@eeoc.gov.

22. Defendants will timely issue applicable United States Internal Revenue Service forms to Ms. Hendrix. Ms. Hendrix is solely responsible for any tax consequences regarding the payment.

## **GENERAL INJUNCTIVE RELIEF**

23. Defendants, including their officers, agents, employees, successors, and assigns, and all those in active concert or participation with them, are permanently enjoined for the duration of this Consent Decree from the following:

    A. Discriminating against an employee on the basis of sex in terms and conditions of employment, and/or creating, facilitating, or permitting the existence of a hostile work environment on the basis of sex.

  B. Retaliating against an employee who reports sex discrimination or harassment.

  C. Retaliating against any person because such person has opposed any practice made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified, or participated in any manner in any investigation, proceeding, or hearing under Title VII.

24. Within sixty (60) days of the approval and signing of the Consent Decree by the Court and its entry onto the case docket in this lawsuit, each Defendant shall review its policies against discrimination, harassment and retaliation and revise them, if necessary, so that such policies include, at a minimum, the following:

(a) A statement expressing its strong and clear commitment to a workplace that complies with Title VII, and is free of unlawful discrimination, harassment, and retaliation;

(b) A statement encouraging employees who believe they have been harassed, discriminated or retaliated against, or who believe they have witnessed discrimination, harassment or retaliation, to report it;

(c) A requirement that persons who complain about discrimination, harassment or retaliation shall not be retaliated against, and that Defendant will take disciplinary and corrective action against any employee, supervisor, manager or officer who engages in discrimination, harassment or retaliation or, if a supervisor, manager or officer, condones discrimination, harassment or retaliation, or fails to address either in conformity with the law and these policies and procedures;

(d) A requirement that the identity of employees who complain about, report or are witnesses to discrimination, harassment or retaliation, or witnesses in investigations of discrimination, harassment or retaliation, shall be protected, to the extent possible;

(e) A statement that provides an assurance of non-retaliation for persons who believe they have been subjected to discrimination, harassment or retaliation, and for persons who otherwise oppose activity unlawful under Title VII, or reasonably believed to be unlawful, or who participate in any form or fashion, including providing statements, assistance or information related to the complaint, allegations or report of discrimination, harassment, or retaliation;

(f) Clear definitions of sex harassment and retaliation, with examples where appropriate;

(g) Convenient, confidential, and reliable mechanisms for reporting incidents of harassment and retaliation;

(h) Designation of at least two employees as investigative officers to receive and investigate reports of harassment, discrimination, or retaliation;

(i) A requirement that each investigative officer receive at least four (4) hours of training on identifying and investigating discrimination, harassment, and retaliation;

(j) A statement that employees may raise concerns or complaints without retaliation about matters, whether alleged, perceived, or actual, prohibited by Title VII and the policies and procedures generated by this Consent Decree;

(k) A statement that reports of discrimination, harassment and retaliation can be made to any supervisory or managerial employee and to any member of Defendant's human resources staff;

(l) If Defendant already employs a third-party company to provide a complaint hotline number for reporting complaints, a statement that reports of discrimination, harassment, and retaliation can be made to the hotline;

(m)     A statement that reports of discrimination, harassment and retaliation may be made orally or in writing and can be made anonymously;

(n)     Broad dissemination of the telephone numbers, mailing and email address of supervisory or management staff to whom reports of discrimination, harassment and retaliation may be made;

(o)     A requirement that any supervisory, managerial, or human resources employee who observes or otherwise obtains information regarding discrimination, harassment and retaliation report such information immediately to the individual or individuals Defendant has designated to investigate such complaints;

(p)     A statement that requires Defendant, its officers, directors, managers, supervisors, recruiters, and human resource personnel be trained on the requirements of Title VII and the policies and procedures generated by this Consent Decree;

(q)     A statement that describes the consequences, up to and including termination, that shall be imposed upon violators of Title VII and the policies and procedures generated by this Consent Decree;

(r)     A statement that provides assurances that Defendant shall investigate all allegations of discrimination, harassment, or retaliation promptly, fairly, reasonably, effectively, expeditiously and as confidentially as possible under the circumstances by appropriate investigators and that appropriate corrective action and appropriate follow-up shall be taken by Defendant to eradicate the discrimination, harassment, or retaliation;

(s) A statement that requires Defendant to thoroughly review these policies and procedures with all employees as part of their employee orientations;

(t) A statement that requires and provides a system for ensuring the dissemination of Defendant's Title VII discrimination policies, this Consent Decree, and the policies and procedures generated by this Consent Decree, to all Defendant's employees; and

(u) A requirement that each discrimination and retaliation investigation be kept confidential, to the extent feasible.

25. A copy of the policies and procedures provided for in this section shall be posted in prominent locations frequented by employees and/or be distributed to all employees within sixty (60) days of the date this Consent Decree is approved and signed by the Court and entered in the case docket in this lawsuit. A copy of these policies and procedures shall be provided to each new employee during new hire orientation or the employee onboarding process.

26. Defendants shall mail a copy of all policies and procedures created pursuant to this Consent Decree to the EEOC Birmingham District Office, Regional Attorney 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205, and by emailing electronic copies of same to marsha.rucker@eeoc.gov within ten (10) days of their issuance.

**ANNUAL TRAINING FOR MANAGERS, SUPERVISORS AND EMPLOYEES**

27. During the term of this Decree, each Defendant shall, once per year, provide one-hour training on employment discrimination, harassment, and retaliation to all non-supervisory employees at the following locations. Mueller shall provide this annual training at its Albertville facility. IH Services shall provide this annual training at its Huntsville, Courtland and Troy, Alabama locations. The initial annual training will be scheduled and conducted within ninety (90)

days of the entry of this Consent Decree. Each Defendant shall submit to the EEOC an agenda for the EEO training program for all non-supervisory employees. Mueller notes that due to the 24-hour operation at Albertville, the training will be conducted in separate sessions.

28. The annual non-supervisory employee training shall include the following topics:

   a. An explanation of Title VII and the Defendant's policies regarding discrimination, harassment, and retaliation;

   b. All aspects of Title VII including, but not limited to, discrimination and harassment based on sex, the legal requirements of Title VII, including examples of sex discrimination and harassment, and the retaliation provisions of Title VII;

   c. The importance of maintaining an environment free from discrimination, harassment, and retaliation;

   d. The protections against retaliation for reporting, opposing, or participating in activity related to the opposition of discrimination, harassment, or retaliation;

   e. The types of disciplinary actions that shall be taken against any employee who engages in discrimination, harassment, or retaliation;

   f. Practical examples aimed at the prevention of discrimination and retaliation; and

   g. Avenues available to employees of Defendant to submit internal complaints of discrimination, harassment, and/or retaliation.

29. During the term of this Consent Decree, all supervisory and management-level employees for Mueller's Albertville facility and all supervisory and management-level employees of IH's Huntsville, Courtland, and Troy, Alabama facilities shall attend a separate (2) hour training once

per year sponsored by each Defendant. The initial annual training will be scheduled and conducted within ninety (90) days of the entry of this Consent Decree. With regard to management and supervisor employees, the training shall include the same topics as required for non-supervisory employees, and, in addition, shall instruct such individuals on best practices for prevention of a sexually hostile work environment, responding to discrimination and retaliation complaints, and will describe how effective investigations of such complaints are conducted and documented. The training shall also address the Defendant's policies pertaining to confidentiality and anti-retaliation relative to employees who report or participate in an investigation or oppose discrimination, harassment, and retaliation, and how to treat employees who report, witness, oppose or otherwise participate in an investigation or opposition of discrimination, harassment, and retaliation. The training shall also explain that the evaluation of directors, supervisors and managers shall consider, among other things, enforcement of Defendant's anti-discrimination and anti-harassment policies.

30. All training shall conclude with a minimum of ten (10) minutes for questions and answers.

31. The training and education for employees may be videotaped for review by non-supervisory employees, supervisory and management-level employees, and all Managers who supervise supervisors and Managers, who are employed at the time of the training but absent from work at that time.

32. The training for all non-supervisory employees shall be provided to all new or rehired employees, either live or by videotape, within three (3) months of their initial employment or rehire.

33. Each Defendant shall generate a registry containing signatures of all persons attending the trainings described above. All non-supervisory employees, management and supervisory

personnel attending the trainings shall be instructed to sign the registry when they attend the entire training session. Each Defendant shall retain the registry for the duration of the Consent Decree.

34. The trainings required by this Decree shall be delivered in accordance with training materials provided to the EEOC at least one week prior to each training. All other training materials (pamphlets, brochures, agendas, videos), and the signed registry, shall be delivered to the EEOC Birmingham District Office, to the attention of the Regional Attorney at the address set out above, within thirty (30) days of the conclusion of each training session. Acceptance or review of these materials by the Commission shall not constitute approval of the said materials but may be retained for compliance purposes.

35. The training shall be presented by trainers or educators with knowledge and expertise in the requirements of Title VII, and the prevention of discrimination and retaliation, and may be presented by Defendant's Human Resources professionals with such knowledge and expertise.

## **OTHER RELIEF**

36. In the event either Defendant receives any request for information, whether verbal or written, from potential employers, prospective employers or third parties seeking references or information about any of the Charging Parties, Defendant shall inform such potential employer(s), prospective employer(s) or third parties that its policy and practice is only to provide the dates of an individual's employment and the position held by that individual. Notwithstanding the foregoing, nothing in this Consent Decree shall be construed as prohibiting a Defendant from responding to or otherwise complying with a lawful court order issued after Defendant's communication to the subpoenaing party that the information or documents sought pursuant to the subpoena are, or may be, subject to this Consent Decree.

## POSTING OF NOTICE

37.     Within thirty (30) calendar days after entry of this Decree, Defendant Mueller shall sign and post 8½-inch-by-11-inch sized copies of the notice attached as **Exhibit A** to this Consent Decree on all bulletin boards or other prominent locations usually used by Defendant at its Albertville facility for announcements, and for notices of employment policy or practice changes to employees, during the term of this Consent Decree, including intranet pages and electronic bulletin boards.

## RECORDS RETENTION

38.     Each Defendant shall maintain the following records during the period of this Consent Decree:

        (1)     Title VII policies and procedures;

        (2)     Discrimination and retaliation complaints made by employees;

        (3)     All documents generated in connection with any complaint investigation, or resolution of complaints involving allegations of violations of Title VII, including discrimination, reasonable accommodation and retaliation;

        (4)     All materials used in training provided pursuant to the terms of this Consent Decree;

        (5)     Attendance lists for such training.

## DISPUTE RESOLUTION

40.     In the event that the Commission believes during the term of this Consent Decree that any Defendant has failed to comply with any provision(s) of the Consent Decree, the Commission shall notify that Defendant or its counsel of the alleged non-compliance and shall afford that Defendant thirty (30) calendar days thereafter to remedy the non-compliance or to satisfy the Commission the alleged non-compliance is not well founded.  If that Defendant has not remedied the alleged

non-compliance or satisfied the Commission that it has complied within thirty (30) calendar days, the Commission may apply to the Court for appropriate relief.

## ATTORNEYS' FEES

41. The Parties shall bear their own attorneys' fees and costs incurred in this action up to the date of the entry of this Consent Decree.

## EEOC's REPORTING REQUIREMENTS UNDER IRC §§ 162(f) and 6050X

42. The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

   a. Defendant Mueller's EIN is: 11-3782593

   b. The individual to whom the EEOC should mail a copy of the form 1098-F, if the EEOC is required to issue one to Mueller is:

   Lou Sliepka, HR Manager
   956 Industrial Blvd.
   Albertville, Alabama 35950

   c. Defendant IH Service's EIN is: 57-0513448

   d. The individual to whom the EEOC should mail a copy of the form 1098-F, if the EEOC is required to issue one to IH Services is:

   Racheal Prutch
   127 Tanner Road
   Greenville, SC 29607

   e. The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

f.	The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

g.	Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

h.	The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

## FORCE AND EFFECT

43.	The duration of this Consent Decree shall be three (3) years from its entry. For all purposes in this Consent Decree, the date of entry is the date the Court enters it into the record with the Judge's signature.

44.	The Court shall retain jurisdiction for the duration of the Consent Decree, during which the Commission may petition this Court for compliance with this Consent Decree. Should the Court determine that either or both Defendants have not complied with this Consent Decree, appropriate relief, including extension of the Consent Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

45.	Absent extension, this Consent Decree shall expire by its own terms at the end of three (3) years from the date of entry of this Consent Decree without further action by the Parties.

46.	The Parties agree to the entry of this Consent Decree subject to final approval by the Court.

SO ORDERED, ADJUDGED, and DECREED this _____ day of _____, 2023.

_____
UNITED STATES DISTRICT JUDGE

APPROVED AND CONSENTED TO BY:

Date: 10/11/2023

*[signature]*

AUTHORIZED REPRESENTATIVE
FOR DEFENDANT MUELLER CO. LLC

Chason A. Carroll
(Print Name)

Date: 10/11/2023

*[signature]*

ATTORNEY FOR DEFENDANT
MUELLER CO, LLC

Shannon L. Miller
(Print Name)

Date: 10/12/2023

*[signature]*

AUTHORIZED REPRESENTATIVE
FOR DEFENDANT IH SERVICES, INC.

Matt Nesbett
(Print Name)

Date: 10/12/23

*[signature]*

ATTORNEY FOR DEFENDANT
IH SERVICES, INC.

Daniel S. Wolter
(Print Name)

Date: _____

*[signature]*

MARSHA RUCKER
Regional Attorney
ATTORNEY FOR PLAINTIFF EEOC

MARSHA RUCKER
(Print Name)

Date: 10/21/2023

-17-

**EXHIBIT A**

**NOTICE TO ALL EMPLOYEES**

This Notice is posted by agreement with the Equal Employment Opportunity Commission (EEOC). Title VII of the Civil Rights Act of 1964, as amended, prohibits discrimination against employees on the basis of race, color, religion, national origin, or sex. The law also makes it illegal to retaliate against a person because the person complained about discrimination, filed a charge of discrimination, or participated in an employment discrimination investigation or lawsuit. Title VII prohibits discrimination against applicants or employees because of their sex or race, in all employment practices, including hiring, firing, advancement, compensation, training, and other terms, conditions, and privileges of employment.

It is illegal to harass an employee because of race, color, religion, sex (including gender identity, sexual orientation, and pregnancy), national origin, age (40 or older), disability or genetic information. It is also illegal to harass someone because they have complained about discrimination, filed a charge of discrimination, or participated in an employment discrimination investigation or lawsuit. Harassment can take the form of slurs, graffiti, offensive or derogatory comments, or other verbal or physical conduct. Sexual harassment (including unwelcome sexual advances, requests for sexual favors, and other conduct of a sexual nature) is also unlawful. The harasser can be the victim's supervisor, a supervisor in another area, a co-worker, or someone who is not an employee of the employer, such as a client or customer.

If you believe you have been discriminated against, subjected to retaliation, or have been a witness to discrimination or retaliation, you may contact the EEOC at (205) 651-7020. The EEOC charges no fees and has employees who speak languages other than English.

This Notice must remain posted for three years from _____ and must not be altered, defaced or covered, by any other material. Any questions about this Notice or compliance with its terms may be directed to: Regional Attorney, EEOC Birmingham District Office, Ridge Park Place, Suite 2000, 1130-22nd Street South, Birmingham, Alabama 35205.

**Exhibit B**

**RELEASE OF CLAIMS**

In consideration for a payment to me by Mueller Co, LLC and IHS Services, Inc. ("Defendants") as part of the resolution of the case of *EEOC v. Mueller Co, LLC and IHS Services, Inc.,* 4:23-CV-00552-CLM (N.D. Ala.), I hereby waive and release any claims under Title VII of the Civil Rights Act of 1964 that I had against Defendants prior to the date of this release arising from or related to the allegations made in the above litigation.

I acknowledge that I am not eligible for any additional relief (whether monetary or otherwise) related to the allegations raised in the Complaint filed in the above litigation. This Release of Claims shall be governed by the laws of the state of Alabama. My signature below demonstrates that I have read the Release of Claims, am entering into it knowingly and voluntarily, and understand and consent to all of its terms and conditions.

_____
Signature

_____
Full Name (Please Print)

_____
Social Security Number

_____
Date